## JOHN KNAPP, Administrator &c., *versus* WILLIAM R. LEE.

Whether in an action upon a negotiable promissory note, given for the purchase money of land conveyed by deed with the usual covenants of seisin and warranty, the action being between the original parties, it is competent for the defendant to set up, by way of defence, a total want of title in the grantor at the time of the conveyance, and an eviction of the grantee, *quœre.*

But where the promisee had died insolvent, and the action was brought by the administrator of an indorsee, who at the time of the indorsement had notice that the title was questioned, such defence was allowed under the general issue, since the defendant could not plead the demand on the covenants by way of set-off, nor avail himself of it in a cross action; and in such a case the plaintiff may introduce evidence to show that the value of the land, at the time of the eviction, was less than the amount of the note.

A knowledge on the part of such indorsee, that the title to the land is questioned, and that the grantee intends to resist payment of the note in case he shall be evicted, without a knowledge of any particular fact tending to invalidate the title, is sufficient notice to put him on his guard, and to let the grantee in to make such defence.

THIS was *assumpsit* by the plaintiff, as administrator *de bonis non, cum testamento annexo,* of Samuel Dilloway, against the defendant, as maker of a promissory note, dated the 19th of November, 1818, for 1000 dollars and interest, payable in three years to William S. Skinner or order, and by him indorsed to Dilloway.

The defence rested on the ground, that the note in question was one of several notes given by Lee to Skinner as part of the consideration for certain land, which was conveyed by Skinner to Lee by deed, with the usual covenants of seisin and warranty ; that since the conveyance, Lee's title had been defeated by a judgment recovered by John Somes, prosecuting by his guardian, on the ground that the land was obtained by Skinner from Somes by fraud, of which Lee was so far conusant, as to affect the conveyance from Skinner to him ; that at or before the indorsement of the note in question to Dilloway, he had notice that Lee's title was contested by

Knapp
*v.*
Lee.

Somes's guardian, and that Lee expected to hold the land against such claim, but that if he should fail so to do, it was his intention not to pay the notes.

It appeared that the note in question was one of seven notes, for 1000 dollars each, given for the land ; that 2000 dollars more, making the whole consideration, were paid 'n cash or some other way ; that Lee entered under the deed from Skinner, and was in the occupation of the land till within a short time before the trial of this action, when he was evicted by force of a writ of possession issued upon the judgment before mentioned ; and that Skinner had died insolvent.

It was also in evidence, that Dilloway stated to a witness, that he was about taking some of the notes and advancing some money, and that he inquired whether Lee would probably pay them when due ; that the witness informed him, that Lee would probably pay them if he held the land, otherwise not ; and that Dilloway, at that time, expressed his own opinion that Lee's title was valid.

*Wilde* J. directed the jury to confine their attention to the question of notice to Dilloway, all other questions being questions of law intended to be reserved ; and as to such notice, he instructed them, that it was not material whether Dilloway had notice of the particular facts tending to invalidate Lee's title, or that in his own opinion the title was good ; if he knew that the validity of it was questioned, and that in the event of its being adjudged bad, it was the defendant's intention to resist payment of the notes, this was sufficient to put him on his guard, and when the title was so adjudged bad, it afforded a good defence.

A verdict was found for the defendant, which was to be set aside and a verdict entered for the plaintiff for the amount of the note declared on, and interest, should the Court be of opinion that the above direction was wrong in point of law.

Another action between the same parties upon another of the notes, and which it was conceded by the plaintiff's counsel, in the argument, stood on the same ground as if it had been brought by Skinner, was by consent submitted to the same jury, and a verdict was found for the defendant, subject to the opinion of the whole Court.

454

Knapp
*v.*
Lee.

March 9th.

*L. Shaw*, for the plaintiff, said it had been decided by this Court, both before and since the period of our Reports, that in an action upon a promissory note, given as the consideration for a deed of land containing covenants of seisin and warranty, a failure of title is no defence, but the grantee's remedy is upon the covenants. This law is founded upon several reasons. There must be a total failure of consideration for the note, otherwise the holder would recover part of the sum for which it was given ; but it would be difficult to make an apportionment, as there is no necessary measure between damages for an eviction and the consideration of the note. A defence in these actions would not be a bar to an action on the covenants. It could not be maintained, that it should go in mitigation of damages, as there would be nothing on the record to show that a recovery on the notes failed in consequence of the eviction. Further, there may be several notes given as the consideration for the land, as was the case here, and the notes, being negotiable, may go into different hands. The covenants too run with the land, and the right of suing on them is transferable in effect. Had the transaction between Skinner and Lee been by indenture, and it had been stipulated that the money should be paid at a certain time, the covenants would have been independent. In the case of *Lloyd* v. *Jewell*, 1 Greenl. 356, there is a direct argument of the Court on this question, in which *Mellen* C. J. reviews the cases in our reports, and concludes, that a total or partial failure of title is no defence to an action like the present. The same point was decided by this Court in *Little* v. *Roberts*, 1 Dane's Abr. 125. See also *Fowler* v. *Shearer*, 7 Mass. R. 22 ; *Smith* v. *Sinclair*, 15 Mass. R. 171. In *Greenleaf* v. *Cook*, 2 Wheat. 13, it was held, that the failure of consideration must be total. That some title, however, passed to Lee, is manifest from the case of *Somes* v. *Brewer*, 2 Pick. 184. The case of *Frisbee* v. *Hoffnagle*, 11 Johns. R. 50, in which a failure of title was held to be a good defence, was decided without argument, and the point of the defendant's having a remedy on the covenants was not suggested.

As to notice, Dilloway merely knew that Somes intended to contest Lee's title, and that Lee, if evicted, intended to

re.ist payment of the notes.  It does not appear that Dillo-way had notice of a single circumstance that would avoid the title.

S. *Hubbard* and *Harrington*, *contrà*, on the point of notice, cited *Smith* v. *Low*, 1 Aik. 489.  They insisted that there was a total failure of consideration for the notes, and that this was a good defence under the general issue.  1 Com. Contr. 12; *Shearer* v. *Fowler*, 7 Mass. R. 32 ; *Bliss* v. *Negus*, 8 Mass. R. 46 ; *Taft* v. *Montague*, 14 Mass. R. 282 ; *Greenleaf* v. *Cook*, 2 Wheat. 13 ; *Howard* v. *Witham*, 2 Greenl. 390 ; *Frisbee* v. *Hoffnagle*, 11 Johns. R. 50; *Winter* v. *Livingston*, 13 Johns. R. 54.  Lee's entry was no evidence of title ; Daniel's Exch. Rep. 81, note ; he was liable to be evicted and to be sued in trespass for the mesne profits, so that nothing passed to him.  Skinner had no title in himself, and though he might pass a title to an innocent purchaser, he could not to Lee, who had notice of the fraud practised on Somes.  If Lee is considered as a party to the fraud, he has no remedy on the covenants, and in an action on the notes he may avail himself of the maxim, *in pari delicto potior*, &c.  *Worcester* v. *Eaton*, 11 Mass. R. 376 ; *Collins* v. *Blantern*, 2 Wils. 347.  But if he only knew of the fraud, without being a party to it, he made an ineffectual purchase under a mistake of the law, and he may resist pay· ment of the purchase money.  No one can be injured by a judgment for the defendant ; — not the representatives of Dilloway, for he had notice of the fraud ; not those of Skinner, for if living, he would have to repay to Lee the money recovered in this action ; — but on the other hand, if Lee pays the money, he will be without a remedy, in consequence of Skinner's dying insolvent.  If the action were in the name of Skinner, the defendant might plead the breach of the covenants by way of set-off, instead of filing the deed before the commissioners of insolvency on Skinner's estate ; but it being brought by the administrator of Dilloway, that course could not be taken.  Either the verdict ought to stand, or the defendant should be permitted to plead specially all the circumstances in .he case.

*Shaw*, in reply, said an estate did pass from Somes to

Skinner, which was good against third persons, and defeasible by Somes alone. Payment of the notes could not have been resisted originally, for it did not then appear that the defendant ever would be evicted. The covenants of Skinner were a sufficient consideration, and would give a better remedy to the defendant, as he would then recover the proper amount of damages. The insolvency of Skinner is immaterial; for if a party takes a covenant, he knows with whom he deals, and he is estopped to object the covenantor's insolvency.

*July 21st.*

PARKER C. J. This action is brought to recover the amount of a promissory note, made by the defendant to William S. Skinner, and by Skinner indorsed to the plaintiff's testator. It appears by the report of the case, that this note, with others, was given as security for the consideration of certain real estate, which Skinner had granted and conveyed to the defendant by a deed containing the usual covenants of seisin and warranty; that the defendant has been evicted of this estate on a suit brought by the guardian of John Somes, who had granted and conveyed the estate to Skinner, but under circumstances of fraud and practice on the part of Skinner, which in judgment of law rendered this deed void against Skinner, and also against the defendant, he having been sufficiently conusant of those circumstances to have his title impeached thereby, though not actually a party to the fraud.

**457**

These facts present the general question, whether they constitute a good defence against this action upon the note; and the further question is raised, whether, if the defence were good between the original parties to the note, it can be set up against the plaintiff who is an indorsee for a valuable consideration.

The latter question is disposed of by the verdict of the jury, which finds, that at the time of the indorsement of the note, the plaintiff knew that the defendant intended to resist payment, in case his title to the estate purchased should ultimately fail. This knowledge puts the plaintiff on the same footing with Skinner, in any controversy about the notes, so that the single question remains, whether the failure of title is such a failure of consideration for the note as will constitute a defence.

The general proposition, that a total failure of the considera-
tion of a note, or other written promise, may be given in evidence in an action upon such note or promise, and if made out, will defeat the action, is too well maintained by authorities to admit of question.

In the recent valuable edition by *Phillips* and *Sewall*, of this bar, of Mr. Justice *Bayley's* treatise on bills and notes, *p*. 340, [see Phil. and Sewall's 2nd ed. 531,] it is laid down in the text, that a total failure of consideration, *where it can be insisted on*, that is, where the parties are proper for such a defence, is a total bar, and inadequacy or partial failure is a bar *pro tanto* only. Many cases cited in the notes, which are indeed epitomized, fully sustain this proposition. It would be idle to repeat the citations here, as that book, in its new form, will be in the hands of all the profession in this commonwealth at least.

The question then comes to this, whether the facts reported show a total failure of consideration in the case before us ; and since the land for which the notes were given has been taken from the defendant by judgment of law for want of title in Skinner his grantor, there is a total failure, unless the entry and possession and taking the profits under the deed by the defendant create a consideration, or unless the covenants in the deed, which give him a right of action for damages, answer **458** that purpose. With respect to the possession and profits, they cannot constitute a consideration, because they have been received to the use of the party who has recovered the possession by paramount title, and he has his action of trespass for those profits. There is nothing then but the single point, whether the covenants in the deed form a consideration which will prevent the defendant from avoiding the action upon the notes, by showing an eviction from the land for which the notes were given. On this question opposite decisions have been made by two courts entitled to our highest respect for their judicial character.

In New York, in the case of *Frisbee* v. *Hoffnagle*, 11 Johns. R. 50, it was decided, that notwithstanding the covenants in the deed, a want of title in the grantor, even without an eviction of the grantee, was a lawful defence against an action upon

Knapp
v.
Lee.

notes given for the purchase money, there being a *total failure* of consideration, and a circuity of action being unnecessary.

In Maine, in the case of *Lloyd* v. *Jewell*, 1 Greenl. 352, the case before the court was one of only partial failure of consideration, one sixth part of the land sold belonging to some person other than the grantor, and the object of the defence being to avoid one of six notes given for the consideration, by showing that defect of title. The court, however, laid down propositions and principles broader than the case required, the chief justice distinctly stating, that in an action on a note given for the price of land conveyed by the promisee to the promisor by deed containing the usual covenants of seisin and warranty, the action being between the original parties, a total or partial failure of title, or want of title in the grantor at the time of the conveyance, is no defence ; and he adds, that "for a long series of years the practice in Massachusetts has proceeded upon the principle, that the covenants in the deed of convey-ance, or, if no deed had been given, but only a bond or cove-nant to give a deed, then such bond or covenant constituted a good and valuable consideration for the note, and of course a want or failure of title would be no legal defence to an action on such note."

It does not appear that this question has been directly de-cided by this Court, though there are dicta or intimations in several cases which favor the opinion above stated ; but we do not recollect any such fixed and settled practice as is stated by the learned chief justice of Maine. It is very possible that a prevalent opinion to that effect has existed, and that counsel have generally acted upon it, in advice to their clients, and thus the practice alluded to may have established itself. The cases cited and commented upon by the chief justice have a bearing towards his opinion, though they certainly cannot be said to establish the doctrine advanced by him ; and *Sedgwick* J., in giving the opinion of the Court in the case of *Bliss* v. *Negus*, 8 Mass. R. 46, intimates a pretty strong opinion in favor of a defence of this nature. Still, however, we do not think the question decided, and some of the reasons given by *Mellen* C. J. against allowing such a defence are undoubtedly strong

particularly that the damages to be recovered on the covenants are uncertain, being more or less than the consideration money, according as the value of the land may be at the time of the eviction ; so that to defeat the action for the consideration by such defence may sometimes produce injustice.

Another remedy too exists, which may be the reason why the principle has not been directly presented to the Court ; that is, where the parties are living, the party who is sued for the consideration may immediately bring his action on the covenants, and the Court will see that they proceed *pari passu,* so that one judgment may be set off against the other, or, by statute, the executions may be thus treated, and thus perfect justice may be done between the parties.

This remedy however fails, where the covenantor dies insolvent, or at least is attended with inconvenience ; and therefore some other means ought to exist, to prevent a party from being compelled to pay the whole of his debt to the estate of the insolvent for the benefit of his creditors, when he will obtain perhaps a trifling dividend upon a debt of equal magnitude due to him from the insolvent.

Without doubt the demand for damages on the covenants, there having been an eviction, would in such case be sustained by the commissioners on the insolvent estate, and when such claim is presented, the administrator may set off against it the notes given for the consideration. If the claim should not be presented, and if the administrator should sue the notes, the defendant in the suit may plead this demand on the covenants in set-off, and judgment will be for either party as the balance shall appear. This mode of adjusting claims necessarily grows out of the statute providing for the settlement of the estates of persons dying insolvent, as was determined in the case of *M'Donald,* appellant from the decree of the judge of probate, v. *Webster,* 2 Mass. R. 498. [See Rand's edit. 500, n. (*a*).] Without this remedy great injustice would happen, for the administrator might refuse to produce the counter claim before the commissioners, and the consequence would be, that on a suit he would recover the whole sum due to the estate, whereas the other party could obtain only an equal proportion with the other creditors, of the insolvent's effects. A remedy

**460**

must exist, where the action is brought by an assignee of an insolvent, who from knowledge of the facts is subject to the same defence as the assignor would be ; otherwise, insolvent persons, or even their administrators after their decease, might defeat that just principle of the insolvent laws, which considers the balance, after adjusting the claims, as the only debt remaining.

We consider the defendant as entitled to avail himself of this principle, and the result will be, that if the value of the land at the time of the eviction is equal to the sum due on the notes, he will make a full defence ; otherwise, judgment will be rendered against him for such balance as may be found due. Now in point of form, standing as this action does in the name of the administrator of the assignee of the note, the defendant cannot plead this matter in set-off; nor will a cross action upon the covenants avail him, because he could not set off a judgment or an execution against the administrator of Skinner, against the judgment or execution recovered by the present plaintiff ; but we think that for this cause he cannot be deprived of a substantial legal defence to the plaintiff's suit. The intestate, knowing that a meritorious defence existed, of which the defendant could avail himself, to all beneficial purposes, in the manner above suggested, provided Skinner or his administrator had brought the action, purchases the note ; and the effect of this purchase is, to prevent the defendant from obtaining a complete remedy by cross action upon the covenants, or by a plea of set-off against Skinner's administrator. We think that this, in a legal point of view, is a fraudulent act, and that thereby the defendant, to prevent injustice, is necessarily let in to show, under the general issue, those facts, which under the forms above stated would completely protect him against the effect of a suit upon this note.

Without determining therefore the general question, whether, when other sufficient remedies exist, a mere failure of title, when there are covenants of seisin and warranty, will constitute a defence against an action for the consideration,[1] we are

---

[1] See Bayley on Bills, (Phil. & Sewall's 2nd ed.) 538 to 540, and notes 2 Stark. Evid. (5th Amer. ed.) 170, note (2) ; 2 Kent's Comm. 472

all of opinion, that in the present case, there being no other remedy, it is consistent with every sound principle of justice and of law, to allow the defence which was offered. The plaintiff may meet this defence by showing that the title was good, or that the land, at the time of the eviction, was worth less than the consideration, and thereby entitle himself to recover the difference ; but without evidence to this effect, he ought to be entirely barred of his action.